■ Chauncey J. Katsh, Appellant-Respondent, v. Beatrice Katsh, Individually and as Executor and Trustee of Joseph I. Katsh, Deceased, Respondent-Appellant, and Matthew H. Ross, as Executor and Trustee of Joseph I. Katsh, Deceased, Respondent. (Action No. 1.) Chauncey J. Katsh, Plaintiff, v. Matthew H. Ross et al., as Executors of Joseph I. Katsh, Deceased, Defendants.— (Action No. 2.) — **Order, entered on August**

10, 1964, to the extent that it denies plaintiff's motion for summary judgment with respect to the first cause of action alleged in the complaint in Action No. 1, unanimously reversed, on the law, with $30 costs and disbursements to all parties filing briefs, payable from the estate of Joseph I. Katsh, deceased, and the motion granted. By agreement between plaintiff and his brother, since deceased, the latter undertook to make certain irrevocable testamentary provisions for the benefit of named sisters and nephews. Alleging that decedent's probated will violated the agreement, plaintiff brought action against the executors to enforce performance. The only objection to summary judgment which defendants assert in this court is that the sisters and nephews should have been joined as parties. Such joinder is not mandatory (CPLR 1004; *Morgan* v. *Andreae*, 295 N. Y. 723), nor in our judgment is it required by the circumstance that plaintiff is prosecuting other, unrelated, causes of action against the estate for his own benefit (cf. *Elwyn* v. *Comeau*, 8 Misc 2d 704, 708, affd. 5 A D 2d 748). Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Stevens and Witmer, JJ.